HARRY A. KOCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVE-
NUE, RESPONDENT.

Docket No. 55318.   Promulgated September 26, 1932.

*George E. H. Goodner, Esq.*, for the petitioner.
*Lloyd W. Creason, Esq.*, for the respondent.

**OPINION.**

ARUNDELL: The petitioner contends that the transaction giving rise to the controversy is essentially a capital transaction and, accordingly, only the gain realized by him on the stock sale should be taxed. This profit of $1,504.20 he reported as taxable income. The respondent determined in his audit of the return, and still maintains, that the circumstances of the deal are within the provisions of section 115(g) of the Revenue Act of 1928 and a tax should be paid on the whole amount of $14,350 credited to the petitioner's account as a dividend. The petitioner is not making any point of the fact that he did not receive the amount within the taxable year.

Section 115(g) of the 1928 Act reads:

(g) *Redemption of stock.*—If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock,

to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend. In the case of the cancellation or redemption of stock not issued as a stock dividend this subsection shall apply only if the cancellation or redemption is made after January 1, 1926.

The purpose of this provision of the statute is to make futile the employment of a roundabout plan of distributing corporate earnings which, if made as dividends are ordinarily paid, would be taxable. *Pearl B. Brown*, 26 B. T. A. 901.

The stock disposed of by petitioner was acquired in 1921, not as a stock dividend, but by an assignment of his interest in a partnership. After a lapse of almost eight years the corporation saw fit to redeem part of its outstanding capital stock. The purpose is made clear by the evidence. In 1928 the corporation owed the First National Bank of Omaha about $149,000 on loans. The bank was dissatisfied with the financial statement rendered to support the loan and insisted that it be improved by a reduction of the corporation's outstanding capital stock by $38,000. To comply with this demand, and for no other reason, the corporation adjusted its capital structure in the manner set forth in our findings, which change satisfied the bank in every particular and enabled the corporation to continue its line of credit with the bank.

Only the petitioner, Friedel, and several of the minority stockholders participated in the stock redemption. About 11 other stockholders, holding 50 shares, were not parties to the deal. The basis for the redemption was not uniform, the stock of the minority stockholders having been canceled at par, while the credits given the principal stockholders were on the basis of about $65 per share.

The financial condition of the corporation at the time of the stock retirement precluded payment of the agreed purchase price of petitioner's stock in cash. The obligation was liquidated two years later by depreciated securities on the basis of cost to the corporation. Hence, there was neither a stock dividend in the first instance, nor a cash dividend payment in the taxable year.

We find nothing in the evidence to bring the transaction within the provisions of section 115(g) of the governing statute. Accordingly, we hold that the petitioner correctly reported the gain realized on the transaction.

*Decision will be entered under Rule 50.*